1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Jason Ray Tyler,                    )    No. CV 10-353-TUC-RCC (BPV)
                                         )    (Lead)
10              Petitioner,              )
                                         )    No. CV 10-543-TUC-RCC (BPV)
11   vs.                                 )    (Consolidated)
                                         )
12                                       )    **ORDER**
     Charles L. Ryan,et. al,             )
13                                       )
                Respondent.              )
14                                       )
     _____   )
15

16

17          On June 16, 2010 Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of

18   Habeas Corpus by a Person in State Custody. (Doc. 1 in CV 10-353). On September 8, 2010

19   Petitioner filed a second petition pursuant to the same statute. (Doc. 1 in CV 10-543). The

20   two cases were consolidated and fully briefed. (Docs. 16-19). The Honorable Bernardo P.

21   Velasco, United States Magistrate Judge, filed a Report and Recommendation

22   (Recommendation) in this action, which advised the Court to deny both petitions. (Doc. 20).

23   The Court will adopt the Recommendation and deny both petitions.

24   **I.   FACTUAL & PROCEDURAL BACKGROUND**

25       Petitioner does not object to the Recommendation's summary of the relevant factual and

26   procedural history.  The Court has reviewed this portion of the Recommendation for clear

27   error and, finding none, adopts the Recommendation's summary of the relevant factual and

28   procedural history. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell v.

1   United States Dist. Court, 501 F.2d 196, 206 (9th Cir.1974)).

2   **II.  DISCUSSION**

3        A.   Breach of the 2005 Plea Agreement

4        The Arizona Court of Appeals held Petitioner waived the state's breach of the 2005 plea

5   agreement when he withdrew his motion to dismiss the 2006 indictment and entered a plea

6   agreement. (Doc. 18, Ex. Q, ¶ 14.).  On this basis, it distinguished this case from Santobello

7   v. New York, 404 U.S. 257 (1971).   The Recommendation found this holding was not

8   contrary to or an unreasonable application of clearly established federal law because the

9   appellate court relied on a principled distinction in deciding not to apply Santobello to this

10  action.  (Doc. 20 at 12-15).

11       Petitioner objects and argues once the Arizona Court of Appeals found the state breached

12  the 2005 plea agreement, Santobello required the sentence be vacated and the case remanded

13  for re-sentencing or trial.  (Doc. 22 at 5-7).  Petitioner contends Santobello precludes a court

14  from considering waiver in the context of a breached plea agreement.  (Id.).  In addition,

15  Petitioner argues he did not waive the breach.  (Id.)

16       In Santobello, the plea agreement provided that the state would not make a sentencing

17  recommendation.  404 U.S. at 258.  When the state made a recommendation at sentencing,

18  defense counsel objected immediately and sought to continue sentencing so he could prove-

19  up the state's promise not to make a recommendation.  Id. at 259.  The sentencing judge

20  denied the continuance and entered sentence, stating he was not influenced by the state's

21  recommendation.  Id.  Thereafter, the defendant appealed his sentence on the grounds that

22  the state breached the plea agreement.  Id. at 260.  The United States Supreme Court found

23  the state violated the plea agreement and remanded for resentencing or trial.  Id. at 262-63.

24  It did not consider or discuss whether the defendant waived the breach.

25       Petitioner claims that the course of events in his case is analogous to that in Santobello

26  because he brought the issue of breach to the trial court's attention.  (Doc. 22 at 6).  This is

27  incorrect.  He filed a motion to dismiss and then withdrew it before the trial court could rule.

28  Accordingly, the appellate court was not unreasonable when it concluded that the two

1   situations are not analogous, and Petitioner is not entitled to habeas relief.  Murdoch v.

2   Castro, 609 F.3d 983, 995 (9th Cir. 2010).

3         B.   State's Power to Indict in the 2006 Case

4         Petitioner's arguments relative to the state's power to indict him in the 2006 case, and

5   his subsequent ability to enter into a plea agreement, are premised on the theory that the state

6   violated the double jeopardy clause when it brought the 2006 case.  As discussed below, the

7   state court reasonably found that no such violation occurred.  Accordingly, Petitioner is not

8   entitled to habeas relief on this basis.

9         C.   Double Jeopardy

10        The Arizona Court of Appeals held the 2006 case did not violate double jeopardy

11   because, under the test set out in Blockburger v. United States, 284 U.S. 299 (1932),

12   facilitation and conspiracy are two separate crimes.  (Doc. 18, Ex. Q, ¶¶ 20-21).  The

13   Recommendation found the appellate court's findings were consistent with Blockburger.

14   (Doc. 20 at 27).

15        Petitioner objects and argues the Recommendation failed to consider the definition of

16   facilitation as it was listed in the 2005 plea agreement, which he argues also required proof

17   of accomplice liability.  (Doc. 22 at 11-12).  Proof of facilitation did not require proof of

18   accomplice liability.  The state merely listed the statutory authority for accomplice liability,

19   presumably as an alternate theory of liability.  (Doc. 17, Ex. E).  Without the addition of

20   accomplice liability, it is clear facilitation and conspiracy are separate crimes under the

21   Blockburger test.

22        Under the rule in Blockburger, two offenses are distinct if "each provision requires proof

23   of an additional fact which the other does not..."  284 U.S. at 304.  Here, a person is guilty

24   of facilitation if "acting with knowledge that another person is committing or intends to

25   commit an offense, the person knowingly provides the other person with means or

26   opportunity for the commission of the offense."  A.R.S. § 13-1004(A).  A person is guilty

27   of conspiracy "if, with the intent to promote or aid the commission of an offense, such person

28   agrees with one or more persons that at least one of them or another person will engage in

1  conduct constituting the offense and one of the parties commits an overt act in furtherance

2  of the offense..."   A.R.S. § 13-1003(A).   As the Arizona Court of Appeals and the

3  Recommendation both concluded, conspiracy, unlike facilitation, requires proof of an

4  agreement, and facilitation, unlike conspiracy, requires proof that the defendant acted.  The

5  appellate court's decision was a reasonable application of the Blockburger test, and Petitioner

6  is not entitled to habeas relief as to this claim.

7      D.  Waiver

8      Petitioner has not objected to the portion of the Recommendation addressing his claim

9  that the Arizona Court of Appeals erred when, applying contract theory, it found Petitioner

10  waived the alleged breach of the 2005 plea agreement.  (Doc. 20 at 27-29).  The Court has

11  reviewed these portions of the Recommendation for clear error and, finding none, adopts

12  them.  See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell, 501 F.2d at 206).

13  **III. CERTIFICATE OF APPEALABILITY**

14      A certificate of appealability may issue "only if the applicant has made a substantial

15  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "[A] substantial

16  showing of the denial of a constitutional right ... includes showing that reasonable jurists

17  could debate whether ... the petition should have been resolved in a different manner or that

18  the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack

19  v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4

20  (1983)).  "When the district court denies a habeas petition on procedural grounds without

21  reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should

22  issue when the prisoner shows, at least, that jurists of reason would find it debatable whether

23  the petition states a valid claim of the denial of a constitutional right and that jurists of reason

24  would find it debatable whether the district court was correct in its procedural ruling." Slack,

25  529 U.S. at 484.

26      The Court finds that Petitioner has not demonstrated that reasonable jurists would find

27  it debatable whether the Court was correct in its procedural rulings, that the petition should

28  have been resolved in a different manner, or that the issues presented were "adequate to

1   deserve encouragement to proceed further."

2   **IV. CONCLUSION**

3       As discussed above, the Arizona Court of Appeals reasonably concluded that Petitioner

4   waived the breach of the 2005 plea agreement when he withdrew his motion to dismiss and

5   entered into a plea agreement in the 2006 case.   The Arizona Court of Appeals also

6   reasonably applied the Blockburger test and found the 2006 case did not violate double

7   jeopardy.   Accordingly,

8       The Court **ACCEPTS** the Recommendation of Magistrate Judge Velasco.  (Doc. 20).

9       **IT IS ORDERED** that the Petitioner's Petitions are **DENIED**. (Doc. 1 in CV 10-353;

10   Doc. 1 in CV 10-543).

11       **IT IS FURTHER ORDERED** denying Petitioner a Certificate of Appealability.

12       DATED this 16th day of April, 2012.

Raner C. Collins
United States District Judge