IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Ray Tyler,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et. al,<br><br>          Respondent. | No. CV 10-353-TUC-RCC (BPV)<br>(Lead)<br><br>No. CV 10-543-TUC-RCC (BPV)<br>(Consolidated)<br><br>**ORDER** |

On June 16, 2010 Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1 in CV 10-353). On September 8, 2010 Petitioner filed a second petition pursuant to the same statute. (Doc. 1 in CV 10-543). The two cases were consolidated and fully briefed. (Docs. 16-19). The Honorable Bernardo P. Velasco, United States Magistrate Judge, filed a Report and Recommendation (Recommendation) in this action, which advised the Court to deny both petitions. (Doc. 20). The Court will adopt the Recommendation and deny both petitions.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Petitioner does not object to the Recommendation's summary of the relevant factual and procedural history. The Court has reviewed this portion of the Recommendation for clear error and, finding none, adopts the Recommendation's summary of the relevant factual and procedural history. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell v.

1  United States Dist. Court, 501 F.2d 196, 206 (9th Cir.1974)).

2  **II. DISCUSSION**

3      A.  <u>Breach of the 2005 Plea Agreement</u>

4      The Arizona Court of Appeals held Petitioner waived the state's breach of the 2005 plea

5  agreement when he withdrew his motion to dismiss the 2006 indictment and entered a plea

6  agreement. (Doc. 18, Ex. Q, ¶ 14.). On this basis, it distinguished this case from <u>Santobello</u>

7  <u>v. New York</u>, 404 U.S. 257 (1971). The Recommendation found this holding was not

8  contrary to or an unreasonable application of clearly established federal law because the

9  appellate court relied on a principled distinction in deciding not to apply <u>Santobello</u> to this

10 action. (Doc. 20 at 12-15).

11     Petitioner objects and argues once the Arizona Court of Appeals found the state breached

12 the 2005 plea agreement, <u>Santobello</u> required the sentence be vacated and the case remanded

13 for re-sentencing or trial. (Doc. 22 at 5-7). Petitioner contends <u>Santobello</u> precludes a court

14 from considering waiver in the context of a breached plea agreement. (<u>Id.</u>). In addition,

15 Petitioner argues he did not waive the breach. (<u>Id.</u>)

16     In <u>Santobello</u>, the plea agreement provided that the state would not make a sentencing

17 recommendation. 404 U.S. at 258. When the state made a recommendation at sentencing,

18 defense counsel objected immediately and sought to continue sentencing so he could prove-

19 up the state's promise not to make a recommendation. <u>Id.</u> at 259. The sentencing judge

20 denied the continuance and entered sentence, stating he was not influenced by the state's

21 recommendation. <u>Id.</u> Thereafter, the defendant appealed his sentence on the grounds that

22 the state breached the plea agreement. <u>Id.</u> at 260. The United States Supreme Court found

23 the state violated the plea agreement and remanded for resentencing or trial. <u>Id.</u> at 262-63.

24 It did not consider or discuss whether the defendant waived the breach.

25     Petitioner claims that the course of events in his case is analogous to that in <u>Santobello</u>

26 because he brought the issue of breach to the trial court's attention. (Doc. 22 at 6). This is

27 incorrect. He filed a motion to dismiss and then withdrew it before the trial court could rule.

28 Accordingly, the appellate court was not unreasonable when it concluded that the two

1 situations are not analogous, and Petitioner is not entitled to habeas relief. Murdoch v.
2 Castro, 609 F.3d 983, 995 (9th Cir. 2010).

### B. State's Power to Indict in the 2006 Case

Petitioner's arguments relative to the state's power to indict him in the 2006 case, and his subsequent ability to enter into a plea agreement, are premised on the theory that the state violated the double jeopardy clause when it brought the 2006 case. As discussed below, the state court reasonably found that no such violation occurred. Accordingly, Petitioner is not entitled to habeas relief on this basis.

### C. Double Jeopardy

The Arizona Court of Appeals held the 2006 case did not violate double jeopardy because, under the test set out in Blockburger v. United States, 284 U.S. 299 (1932), facilitation and conspiracy are two separate crimes. (Doc. 18, Ex. Q, ¶¶ 20-21). The Recommendation found the appellate court's findings were consistent with Blockburger. (Doc. 20 at 27).

Petitioner objects and argues the Recommendation failed to consider the definition of facilitation as it was listed in the 2005 plea agreement, which he argues also required proof of accomplice liability. (Doc. 22 at 11-12). Proof of facilitation did not require proof of accomplice liability. The state merely listed the statutory authority for accomplice liability, presumably as an alternate theory of liability. (Doc. 17, Ex. E). Without the addition of accomplice liability, it is clear facilitation and conspiracy are separate crimes under the Blockburger test.

Under the rule in Blockburger, two offenses are distinct if "each provision requires proof of an additional fact which the other does not..." 284 U.S. at 304. Here, a person is guilty of facilitation if "acting with knowledge that another person is committing or intends to commit an offense, the person knowingly provides the other person with means or opportunity for the commission of the offense." A.R.S. § 13-1004(A). A person is guilty of conspiracy "if, with the intent to promote or aid the commission of an offense, such person agrees with one or more persons that at least one of them or another person will engage in

- 3 -

1 conduct constituting the offense and one of the parties commits an overt act in furtherance
2 of the offense..." A.R.S. § 13-1003(A). As the Arizona Court of Appeals and the
3 Recommendation both concluded, conspiracy, unlike facilitation, requires proof of an
4 agreement, and facilitation, unlike conspiracy, requires proof that the defendant acted. The
5 appellate court's decision was a reasonable application of the Blockburger test, and Petitioner
6 is not entitled to habeas relief as to this claim.

D.  Waiver

Petitioner has not objected to the portion of the Recommendation addressing his claim that the Arizona Court of Appeals erred when, applying contract theory, it found Petitioner waived the alleged breach of the 2005 plea agreement. (Doc. 20 at 27-29). The Court has reviewed these portions of the Recommendation for clear error and, finding none, adopts them. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell, 501 F.2d at 206).

**III. CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] substantial showing of the denial of a constitutional right ... includes showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Petitioner has not demonstrated that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, that the petition should have been resolved in a different manner, or that the issues presented were "adequate to

- 4 -

1  deserve encouragement to proceed further."

2  **IV. CONCLUSION**

3  As discussed above, the Arizona Court of Appeals reasonably concluded that Petitioner waived the breach of the 2005 plea agreement when he withdrew his motion to dismiss and entered into a plea agreement in the 2006 case.  The Arizona Court of Appeals also reasonably applied the Blockburger test and found the 2006 case did not violate double jeopardy.  Accordingly,

8  The Court **ACCEPTS** the Recommendation of Magistrate Judge Velasco.  (Doc. 20).

9  **IT IS ORDERED** that the Petitioner's Petitions are **DENIED**. (Doc. 1 in CV 10-353; Doc. 1 in CV 10-543).

11  **IT IS FURTHER ORDERED** denying Petitioner a Certificate of Appealability.

12  DATED this 16th day of April, 2012.

Raner C. Collins
United States District Judge